

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~HONORABLE SHEPPERD~~
ATTORNEY GENERAL

Hon. Robert F. Cherry
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-1560
Re: Whether the bond service contract between
The Steck Company and Clifton Independent
School District constitutes a violation
of Article 430a of the Penal Code of Texas.

We have your letter of October 6, 1939 in which you
request the opinion of this department with reference to
the question whether or not the bond service contract which
you enclosed in your letter, between The Steck Company and
Clifton Independent School District, constitutes a viola-
tion of Article 430a of the Penal Code of Texas, relating to
the unlawful practice of law.

You refer particularly to paragraph I (a) of the
contract which reads as follows:

"I - Legal Service

"(a) To prepare the legal proceedings necessary
to be executed in voting and/or authorizing the
issuance of the proposed securities. Where an elec-
tion is required, this will include the preparation of
the pre-election proceedings WITHOUT EXTRA CHARGE.
If the company prepares such pre-election proceedings
and the election fails to carry, no charge is to be
made by the company for the proceedings so prepared.
It is agreed, however, that if other elections on a
similar proposition are called within one year from
the date of the previous election, this contract will
apply to the new elections, with any necessary altera-
tions in price to correspond with the new proposition.
The company will provide the customer with not more

than three transcripts of the complete legal pro-
ceedings for execution--one for the customer, one for
the Attorney General, and one for the market attorney
if required.

PRICE $100.00."

In our opinion, the portion of the contract which
has been quoted above constitutes an agreement to render legal
services by a corporation, and therefore is an agreement in
violation of the provisions of Article 430a of the Penal Code.
The performance of the services provided for, in compliance
with the contract, would constitute, in our opinion, the un-
lawful practice of law by The Steck Company.

Section 1 of Article 430a of the Penal Code reads as
follows:

"It shall be unlawful for any corporation or
any person, firm, or association of persons, except
natural persons who are members of the bar regular-
ly admitted and licensed, to practice law."

Section 2 of Article 430a of the Penal Code defines
the practice of law, and includes the following:

"(h)  For a consideration, reward or pecuniary
benefit, present or anticipated, direct, or indirect,
advises or counsels another as to secular law, or
draws a paper, document or instrument affecting or
relating to secular rights;..."

Section 7 of Article 430a of the Penal Code relates
to agreements in violation of the unlawful practice Act.  This
Section reads in part as follows:

"Any agreement by any person, corporation,
or association in violation of this Act shall be
illegal and such person, corporation, or associa-
tion shall not be able to recover for any services
rendered in violation of this Act, either on the
contract or a quasi-contractual obligation. . . ."

We assume from your letter and from the terms of
the contract that The Steck Company is a corporation, and
therefore cannot be lawfully authorized to practice law.

We think that the contract which you enclose with your request, and particularly the portion thereof which we have quoted above, constitutes an agreement to practice law in violation of Article 430a of the Penal Code. The quoted paragraph is headed "Legal Service." The agreement expressly provides that the Steck Company agrees "to prepare the legal proceedings necessary to be executed in voting and/or authorizing the issuance of the proposed securities." A separate consideration in the sum of $100.00 is provided for the performance of these services.

Under our opinion No. 0-831, by Assistant Attorney General Robert E. Kepke, addressed to Hon. J. P. Bryan, County Attorney, Brazoria County, the agreement by the corporation to perform legal services would be illegal, even though it was contemplated that licensed attorneys should perform the legal services under employment by the corporation. A large number of cases are cited in said opinion sustaining this proposition.

In accordance with the request contained in your letter, we are returning herewith the copy of the bond service contract which you sent us.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Ed Roy Simmons
Assistant

ERS:pbp:ba

ENCLOSURE